Denio, J.
The only question which we have found it neces- • sary to consider in this case, is whether the plaintiff was entitled to recover damages on account of the pecuniary injuries resulting to him from the death of his wife. • This question was raised on the trial by the objection made to the evidence by which the nature of her services in the plaintiff’s business was *159 shown. The defendant’s counsel objected to that evidence, but it was received by the judge, the question as to its competency being reserved for the time. At the close of the plaintiff’s evidence the question was considered, and the judge decided, that the testimony was competent and admissible, and the defendant’s counsel excepted tó the ruling. The evidence thus received, showed that the plaintiff carried on a dairy farm, and. that the deceased, his wife, had a charge of the business, and rendered services to him therein. This evidence was immaterial, unless the loss of service of the deceased was a proper element of damages, in case the plaintiff should recover. The jury, would moreover naturally infer from the decision holding it to be competent, that the facts which should be disclosed, were proper to be taken into consideration in estimating the damages.
The section of the statute which relates to the subject declares, that the amount to be recovered in this class of actions shall be for the “ exclusive benefit of the widow and next of kin ” of the deceased; and that the jury “may give such damages as they shall deem a fair and-just compensation, not exceeding five thousand dollars, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of the deceased person.” (Laws of 1849, p. 388, § 1.) It thus appears • that the money to be recovered is not for the benefit of the estate generally, and that it does not become assets, to be administered according to the general law of distributions. And the ground upon which the damages are to be estimated, • is not the detriment which the estate of the deceased has suffered from the wrongful act of the defendant, in causing his death, but the pecuniary loss which certain parties connected with him by the ties of marriage and consanguinity have sustained on that account. It is the pecuniary injury resulting to the wife and next of. kin which is to be estimated; but the injury to the husband, when it is the wife whose death has been caused by the defendant’s act, is not spoken of as a ground of damages. And the husband is not embraced within the description of next of kin of his wife. Husband and wife, as such, are not. *160 of kin to each other in a legal sense, and the husband cannot take under a settlement limited to the next of kin of his wife. (Watt v. Watt, 3 Ves., Jr., 244, and note a, in Summer’s ed.; Garrick v. Lord Camden, 14 id., 372; 2 Kent’s Com., 136, 5th ed.)
The action is a peculiar one, depending entirely upon the statute and it seems to us quite clear that a compensation for the husband’s loss of service cannot be embraced in the damages. The judgment must therefore be reversed, and there must be a new trial.
Mason, J., dissented; Comstock, Ch. J., and Lott, J., did not sit in the case.
Judgment reversed, and new trial ordered.